NATHAN RABINOWITZ, Appellant, *v.* GEORGE SOLOMON, Respondent.

Second Department, July 1, 1927.

**Motor vehicles — action for injuries suffered when plaintiff, pedestrian on highway, was struck by defendant's automobile — plaintiff's evidence showed that he was walking on left of road when defendant was 200 feet distant — plaintiff started across road and was in middle when struck — plaintiff was dragged 100 feet or more — error to dismiss at close of plaintiff's case.**

The plaintiff seeks to recover damages for injuries suffered when he was struck by defendant's automobile while he was walking along the highway. It was error for the court to dismiss the complaint at the close of the plaintiff's case, since the evidence introduced by plaintiff established that he was walking on the left-hand side of the highway; that he saw defendant's automobile approaching, also on the left-hand side and very close to the edge of the road; that when defendant's automobile was about 200 feet distant the plaintiff started to cross the road in order to avoid being struck; that the road at that point was approximately 75 feet wide and the plaintiff had reached the middle of the road when he

was struck by defendant's automobile; and that the plaintiff was dragged along the road about 100 feet before the automobile was stopped. Plaintiff's evidence established a *prima facie* case of negligence on the part of the defendant, and did not show that the plaintiff was guilty of contributory negligence.

APPEAL by the plaintiff, Nathan Rabinowitz, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 4th day of March, 1927, upon the dismissal of the complaint at the close of the plaintiff's case.

*Philip Goldfarb,* for the appellant.

*Robert H. Charlton* [*John T. Loughran* with him on the brief], for the respondent.

KELLY, P. J. The complaint states a cause of action for damages by reason of defendant's negligence, in that while the plaintiff was lawfully walking upon a public highway between Woodridge and Fallsburg, in Sullivan county, he was struck by defendant's automobile operated by defendant, and dragged for some distance along the road, sustaining injuries. He charges that the accident was caused by defendant's negligent operation of the automobile. The answer, admitting defendant's ownership and operation of the automobile, denies the charges of negligence, and alleges that the automobile was operated and controlled in compliance with the Motor Vehicle Law of the State of New York.

The plaintiff, called as a witness in his own behalf, testified that on April 14, 1925, he was in Woodridge. At two o'clock in the afternoon of that day he left Woodridge and walked on the Fallsburg road towards Fallsburg. He had proceeded about a quarter or half mile along this road, walking on the left-hand side close to the edge of the road, when he observed defendant's automobile coming towards him. The automobile was on the same side of the road as plaintiff, and also on the extreme edge of the road. When the automobile was about 200 feet away from him the plaintiff, believing that he might be squeezed by the car against a fence on the left-hand side of the road, started to cross to the other side of the road. He walked on a straight line. He was over half way across the road when he was struck by the automobile. He was dragged along the road by the car a distance of 100 feet before it came to a stop. The road was about 75 to 80 feet wide at the place where he crossed. The way was clear, the day was bright and there were no other cars on the road. The only other witness examined for the plaintiff was a physician, who testified to his injuries. At the conclusion of plaintiff's case, defendant's counsel

Second Department, July, 1927.                    [Vol. 221

moved to dismiss the complaint upon the ground that no negligence had been shown on the part of the defendant and upon the further ground that it affirmatively appeared that the plaintiff was guilty of contributory negligence. The learned trial justice granted the motion without comment, over plaintiff's exception.

In my opinion, on the evidence of the plaintiff, which must be taken as true upon the motion for nonsuit, a *prima facie* case of negligence and absence of contributory negligence was presented. On a country road such as this, without sidewalks, where pedestrians must of necessity use the road which is also used by vehicles, it cannot be claimed that plaintiff was not lawfully on the highway. He walked over on his left-hand side of the road, in which position he was enabled to see automobiles or other vehicles coming towards him, and so avoid them. He perceived the defendant's automobile coming towards him on the same side of the highway, and, according to his evidence, when the automobile was some 200 feet from him, he started to cross the road to get out of its path. The automobile was coming on the right side of the road in the direction in which it was traveling, which was where it should be. The plaintiff gave it the right of way, and according to his story he had progressed half way across the road, a distance of some 35 or 40 feet, when the defendant's automobile ran him down. The plaintiff pedestrian must have been in clear view of the defendant operating the automobile. When the plaintiff left the path of the approaching automobile and crossed half way over the road, there was nothing in the way of the automobile if it kept its course on its own side of the highway. In some way it must have deviated from its course to strike the plaintiff approaching in full view. I cannot see how the plaintiff can be charged with contributory negligence because he left the side of the road upon which the car was coming and where it rightfully belonged. Can it be claimed that he should have remained in the path of the automobile? It may be that the defendant has some explanation of the accident, or that he disputes the plaintiff's claim that he was 200 feet away when the plaintiff started to get out of his way, but on the record here I think it was error to dismiss the complaint. If plaintiff's story is true, defendant must have been traveling at a high rate of speed when he struck the plaintiff who was in full view, because plaintiff testifies that he was dragged a long distance, 100 to 200 feet, before defendant's car stopped. The Motor Vehicle Law, to which defendant refers, provides (Highway Law, § 286, subd. 8) that upon approaching a pedestrian who is upon the traveled part of the highway, the operator of the motor vehicle shall slow down.

I think it was error to dismiss the complaint.

The judgment should be reversed upon the law and a new trial granted, with costs to appellant to abide the event.

YOUNG, KAPPER, LAZANSKY and HAGARTY, JJ., concur.

Judgment reversed upon the law and new trial granted, costs to appellant to abide the event.